FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AUG 17 2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

JAMES RUTHERFORD )
)
Plaintiff, ) Case No.
)
v. ) 16-cv-08144
) Judge Andrea R. Wood
MOTHER CLUCKERS, LLC, d/b/a/ ) Magistrate Judge Susan E. Cox
MOTHER CLUCKERS KITCHEN, and )
RICHARD SCHWEIGEL, and )
JACOB SPAKIANSKIS )
)
Defendants, )

## COMPLAINT

Plaintiff, JAMES RUTHERFORD, ("RUTHERFORD") a disabled person as defined by the ADA, for his complaint against MOTHER CLUCKERS, LLC d/b/a/ MOTHER CLUCKERS KITCHEN, and MR. RICHARD SCHWEIGEL ("SCHWEIGEL"), and MR. JACOB SPAKIANSKIS ("SPAKIANSKIS ") alleges as follows:

### Introduction

1. Plaintiff brings this action pursuant to Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et. seq.*

### Jurisdiction

2. Jurisdiction for this action is founded upon 28 U.S.C. §§ 1331, 1343 (3) and 42 U.S.C. §12188 (a) (1).

### Venue

3. Venue is proper in this district pursuant to 28 U.S.C. §1391 as the claim arose and Defendants do business in the city of Chicago, Illinois.

## Parties

4. Plaintiff, RUTHERFORD, is an individual with a disability within the meaning of the ADA due to an arthritic condition in his thumbs and a mobility disability that substantially limits one or more of his major life activities; walking, standing and sitting. Plaintiff RUTHERFORD has been issued a Permanently Disabled Handicapped Parking Placard.

5. Defendant, MOTHER CLUCKERS, LLC, owns the restaurant located at 5200 N. Elston Ave., Chicago, IL 60630, doing business as MOTHER CLUCKERS KITCHEN ("CLUCKERS"), and is an Illinois Limited Liability Company.

6. Defendant, SCHWEIGEL, owns, leases, controls and/or operates CLUCKERS. Plaintiff RUTHERFORD and other people with mobility disabilities are not able to access CLUCKERS due to architectural barriers to access set forth herein in greater detail.

7. Defendant, CLUCKERS, is a place of public accommodation within the meaning of Title III of the ADA.

8. Defendant, SPAKIANSKIS, is, on information and belief, the owner of the property located at 5200 N. Elston Ave., Chicago IL. SPAKIANSKIS is the lessor of the property known as CLUCKERS and consequently is jointly responsible with other Defendants for compliance with the ADA pursuant to 42 U.S.C. § 12182(a) and 28 C.F.R. § 36.201(b).

## COUNT 1
### (Violation of the ADA)

9. Plaintiff hereby incorporates by reference herein paragraphs 1 through 8 above.

10. Pursuant to 42 U.S.C. § 12182 and 28 CFR 36.201(a), Congress intended for no place of accommodation to discriminate against an individual on the basis of such individual's

disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of accommodation.

11. Plaintiff RUTHERFORD has a realistic, credible, existing and continuing threat of discrimination from Defendants' non-compliance with the ADA with respect to the property as described herein, but not necessarily limited to the allegations contained in paragraph 12 below.

12. Plaintiff RUTHERFORD, on at least one occasion, attempted to access or use the Defendants' facilities to avail himself of the goods and services available there and to assure himself that the property is compliant with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination. Plaintiff RUTHERFORD was unable to access or use the facilities due to the following reasons:

Parking and Parking Signage:

(a) There is no handicapped nor van accessible signage in the parking lot spaces, in violation of Section 502.6 of the 2010 ADA Standards for Accessible Design ("ADASAD"), which consists of the Title III regulations 28 CFR Part 36, subpart D, and the 2004 ADA Accessibility Guidelines ("2004 ADAAG") at 36 CFR Part 1191, appendices B and D, and in violation of Sections 4.6.2 and 4.6.4 of the 1991 ADA Accessibility Guidelines ("1991 ADAAG") at 28 CFR Part 36, Appendix A, both of which are incorporated by reference into 42 U.S.C. §12101, *et. seq.*;

(b) There is no van accessible parking space or access zone with the appropriate dimensions available in violation of Sections 4.6.4 and 4.1.2 (5)(b) of the 1991 ADAAG, and Sections 502.3 and 502.5 of the ADASAD.

(c) There are no handicapped accessible parking spaces available in violation of Section 502 of the ADASAD.

3

Doors

(d)     The Unisex restroom entrance door and the main entrance doors do not have a handle which "does not require tight grasping, tight pinching, or twisting of the wrist to operate," in violation of Section 4.13.9 of the ADAAG and Sections 404.2.7 and 309.4 of the ADASAD.

Water Closets

(e)     The clear floor space is less than 56 inches in length in violation of section 4.16.2.

(f)     The water closet is only about 14 inches from the nearest wall to its centerline instead of 18 inches per section 4.16.2 (Fig 28), of the ADAAG or 16-18 inches required by Section 604.2 (Fig 604.2) of the ADASAD.

**Grab Bars**

(g)     Two grab bars are required in the restroom per section 4.16.4 of the ADAAG and Section 604.8.1.5 of the ADASAD but none are installed making it very difficult and potentially hazardous to get on and off the water closet.

Sales and Service Counter

(h)     The height of the sales counter exceeds 36 inches in violation of section 7.2 (1) of the ADAAG and Section 904.4.1 of the ADASAD.

13.     On information and belief, sometime after January 1992, Defendants altered and or remodeled the interior of CLUCKERS including the sales counter and the public restroom by replacing the public restroom plumbing fixtures including the sink and the water closet, as well as the restroom entrance door and the restroom tile floor. Defendants did not make the above alterations or the path of travel to the restroom accessible to persons with disabilities as required by the ADA.

14. Modifications necessary to render this facility handicapped accessible are "readily achievable."

15. The discriminatory violations described above in paragraph 12 are not an exclusive list of Defendants' ADA violations at CLUCKERS.

16. The ADA expressly prohibits, among other things, discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations by any person who owns, leases or operates a place of public accommodation. Discrimination under the ADA includes a failure to render a public accommodation accessible to individuals with disabilities and a failure to remove architectural barriers preventing their access to and use of the facility.

17. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that existed prior to January 25, 1992, in accordance with the 1991 ADAAG. In the alternative, if there has been an alteration to Defendants place of accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use mobility devices, in accordance with the 1991 ADAAG. Finally, if the Defendants facility is one which was designed and constructed for first occupancy subsequent to January 26, 1992, then the Defendants facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

18. If there has been an alteration to Defendants' place of public accommodation between September 15, 2010 and March 15, 2012, then the Defendants are required to ensure to the maximum extent feasible that the altered portions of the facility is readily accessible to and useable by individuals with disabilities, including individuals with mobility disabilities, in

compliance with either the 1991 ADAAG or the ADASAD. Additionally, if the Defendants' facility is one, which was designed and constructed for first occupancy between September 15, 2010 and March 15, 2012, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA and in compliance with either the 1991 ADAAG or the ADASAD.

19. If there has been an alteration to Defendants' place of public accommodation subsequent to March 15, 2012, then the Defendants are required to ensure to the maximum extent feasible that the altered portions of the facility is readily accessible to and useable by individuals with disabilities, including individuals with mobility disabilities, in compliance with the ADASAD. Additionally, if the Defendants' facility is one, which was designed and constructed for first occupancy subsequent to March 15, 2012, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA and in compliance with the ADASAD.

20. Defendants have violated Title III of the ADA by their failure to render a public accommodation accessible to individuals with disabilities and their failure to remove architectural barriers preventing access to, and use of, their facility.

21. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by Defendants. Plaintiff RUTHERFORD plans to return to CLUCKERS to avail himself of the goods and services there as well as to ensure that the property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

22. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants non-compliance with the ADA with respect to the property as described above in paragraph 12 of this complaint.

23. Plaintiff is without adequate remedy at law and is suffering irreparable harm.

24. Pursuant to 42 U.S.C. §12188, this Court has authority to grant Plaintiff injunctive relief including an order to alter CLUCKERS to make the entire facility accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cure their violations of the ADA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court:

(a) Enter judgment declaring that Defendants have violated and are continuing to violate the ADA;

(b) Enter an injunction ordering Defendants to (1) cease violating the ADA and (2) to bring their facilities into full compliance with the ADA;

(c) Award compensatory damages in such an amount as the Court finds just and proper;

(d) Grant Plaintiff his attorneys' fees, costs and litigation expenses incurred in the prosecution of this action, and;

(e) Grant such further relief as the Court deems just and proper and/or is allowable under Title III of the ADA.

Dated: Augist17, 2016

Respectfully submitted,

One of Plaintiffs' Attorneys

Law Offices of Lance C. Martin
2815 Forbs Ave. , #107
Hoffman Estates, IL 60192
(847)932-9599

7